UNITED STATES DISTRICT COURT
FOR THE DISTRICT COURT OF MASSACHUSETTS

| | |
|---|---|
| TINA BILLINGS )<br>    Plaintiff, )<br> )<br> )<br>vs. )<br> )<br> )<br> )<br>DIVERSIFIED COLLECTION SERVICES, INC. )<br>    Defendant, )<br> )<br> )| Civil Action No.<br>10-11836 |

## COMPLAINT AND DEMAND FOR JURY TRIAL

### *I.    INTRODUCTION*

1. This is an action for actual and statutory damages brought by Plaintiff TINA BILLINGS an individual consumer, against Defendants DIVERSIFIED COLLECTION SERVICES, INC.., for violations of the Fair Debt Collection Practices Act, 15 U.S.C. § 1692 *et seq.* (hereinafter "FDCPA"), which prohibits debt collectors from engaging in abusive, deceptive, and unfair practices.

### *II.    JURISDICTION*

2. Jurisdiction of this court arises under 15 U.S.C. § 1692k(d) and 28 U.S.C. § 1337. Declaratory relief is available pursuant to 28 U.S.C. §§ 2201 and 2202. Venue in this District is proper in that the defendants transact business here and the conduct complained of occurred here.

### *III.    PARTIES*

3. Plaintiff, TINA BILLINGS is a natural person residing in Chicopee, Massachusetts

4. Defendant, DIVERSIFIED COLLECTION SERVICES, INC., is a corporation engaged in the business of collecting debt in this state with its principal place of business located at 333 North Canyons Parkway, Suite 100, Livermore, CA 94551. The principal

purpose of Defendant is the collection of debts in this state and defendant regularly attempts to collect debts alleged to be due another.

5. Defendants are engaged in the collection of debts from consumers using the mail and telephone. Defendants regularly attempt to collect consumer debts alleged to be due to another. Defendants are "debt collectors" as defined by the FDCPA, 15 U.S.C. § 1692a(6).

## IV. *FACTUAL ALLEGATIONS*

6. Defendant constantly and continuously placed excessive collection calls to Plaintiff, including one call which was placed to the Plaintiff at an inconvenient time, seeking and demanding payment for an alleged consumer debt owed under an account number.

7. Upon information and belief, Defendant began placing collection calls to Plaintiff in May of 2010.

8. During collection calls, Plaintiff has been told by Defendant, "We'll just contact your employer and garnish your wages then," as well as, "We can (garnish your wages) if we have to."

9. To date, Defendant has not taken action to garnish Plaintiff's wages, nor has it taken action to notify Plaintiff's employer, a third party, about Plaintiff's alleged debt.

10. During collection calls, Plaintiff has been told by Defendant, "We'll just have to take you to legal."

11. To date, Defendant has not taken Plaintiff to court.

12. During collection calls, Plaintiff has been told by Defendant, "We can put a lien on your property," despite the fact that Plaintiff has already stated that she does not own any property to have liens placed on.

13. During collection calls, Plaintiff has been both yelled at and hung up on by Defendant.

14. As a result of the acts alleged above, Plaintiff suffered severe emotional distress resulting in headaches, nausea, sleeplessness, depression and embarrassment.

## IV. *CLAIM FOR RELIEF*

15. Plaintiff repeats and realleges and incorporates by reference to the foregoing paragraphs.

16. Defendants violated the FDCPA. Defendants' violations include, but are not limited to, the following:

(a) Defendant violated *§1692c(a)(1)* by calling Plaintiff in connection with the collection of the alleged debt after 9 o'clock postmeridian, local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction;

(b) Defendant violated *§1692d(5)* of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff;

(c) Defendant violated *§1692e(4)* of the FDCPA by using false, deceptive and/or misleading representations or means in connection with the collection of any debt, such as the representation or implication that nonpayment of the alleged debt will result in the garnishment of the wages of Plaintiff without the intention to take said action;

(d) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take, such as taking legal action against Plaintiff; and

(e) Defendant violated *§1692e(5)* of the FDCPA by threatening to take action that it did not intend to take, such as putting a lien on property of Plaintiff; and

17. As a result of the foregoing violations of the FDCPA, defendants are liable to the plaintiff TINA BILLINGS for declaratory judgment that defendants' conduct violated the FDCPA, actual damages, statutory damages, and costs and attorney fees.

### V.    *CLAIM FOR RELIEF*

18.   Plaintiff repeats and realleges and incorporates by reference the foregoing paragraphs.

19.   Defendant violated M.G.L.A. 93 § 49. Defendant's violations of M.G.L.A. 93 § 49 include, but are not limited to the following:

(a) Defendant violated M.G.L.A. 93 § 49(c) by calling Plaintiff in connection with the collection of the alleged debt after 9 o'clock postmeridian, local time at the consumer's location, which is an unusual time or place or a time or place known or which should be known to be inconvenient to Plaintiff, without the prior consent of Plaintiff given directly to Defendant or the express permission of a court of competent jurisdiction;

b) Defendant violated M.G.L.A. 93 § 49(c) of the FDCPA by causing Plaintiff's telephone to ring continuously with intent to annoy, abuse, or harass, the natural consequence of which was to harass, oppress and/or abuse Plaintiff.

c) Defendant violated M.G.L.A. 93 § 49(c) of the FDCPA by using false, deceptive and/or misleading representations or means in connection with the collection of any debt, such as the representation or implication that nonpayment of the alleged debt will result in the garnishment of the wages of Plaintiff without the intention to take said action.

d) Defendant violated M.G.L.A. 93 § 49(c) of the FDCPA by threatening to take action that it did not intend to take, such as taking legal action against Plaintiff.

e) Defendant violated M.G.L.A. 93 § 49(c) of the FDCPA by threatening to take action that it did not intend to take, such as putting a lien on property of Plaintiff.

20. Defendant's acts as described above were done intentionally with the purpose of coercing Plaintiff to pay the alleged debt.

21. As a result of the above violations of the M.G.L.A. 93 § 49, Defendant is liable to Plaintiff for injunctive and declaratory relief and for actual damages, statutory damages, and attorney fees and costs.

WHEREFORE, plaintiff respectfully requests that judgment be entered against Defendant DIVERSIFIED COLLECTION SERVICES, Inc., for the following:

A. Declaratory judgment that Defendant's conduct violated the FDCPA, and declaratory and injunctive relief for Defendant's violations of M.G.L.A. 93 § 49.
B. Actual damages;
C. Statutory damages pursuant to 15 U.S.C. § 1692k;
D. Statutory damages pursuant to M.G.L.A. 93 § 49.
E. Costs and reasonable attorney fees pursuant to 15 U.S.C.
§ 1692k and M.G.L.A. 93 § 49;
F. For such other and further relief as the Court may deem just and proper.

RESPECTFULLY SUBMITTED,
By: /s/ Derek DePetrillo
Derek DePetrillo
BBO: 670303
Consumer Rights Law Firm
191 Merrimack Street, Suite 302
Haverhill, Massachusetts, 01830
Phone: (603) 685-3323
Fax: (888) 712-4458
Attorney for Plaintiff

***DEMAND FOR JURY TRIAL***
Please take notice that plaintiff TINA BILLINGS demands trial by jury in this action.